■ FRANK FIGARI et al., Respondents, v SEALAND TERMINAL CORPORATION et al., Defendants, and STANDARD FRUIT & STEAMSHIP COMPANY, Appellant. (And a Third-Party Action.) [606 NYS2d 769] —In an action to recover, *inter alia,* damages for personal injuries, the defendant Standard Fruit & Steamship Company, appeals (1) from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 17, 1991, as denied its motion for summary judgment dismissing the complaint, (2) as limited by its brief, from so much of a resettled order of the same court, entered March 18, 1991, as denied its motion for summary judgment dismissing the complaint, and (3) from an order of the same court, entered April 22, 1991, which amended the order entered March 18, 1991, so as to grant the application of counsel for the defendant Sealand Terminal Corporation for leave to reargue a motion to withdraw as counsel.

Ordered that the appeal from the order entered January 17, 1991, is dismissed as that order was superseded by the resettled order entered March 18, 1991; and it is further,

Ordered that the resettled order entered March 18, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order entered April 22, 1991, is dismissed as abandoned; and it is further,

Ordered that the respondents are awarded one bill of costs.

On April 7, 1982, the plaintiff Frank Figari was allegedly injured while he was repairing a gantry used to unload a ship docked at Pier 42 in Manhattan. The plaintiffs commenced the present action against, among others, the Standard Fruit & Steamship Company who was, at that time, the lessee of Pier 42 and the owner of the gantry. The defendants Standard Fruit & Steamship Company and Castle & Cooke Foods, Inc., moved for summary judgment dismissing the complaint, and

the plaintiffs cross moved for partial summary judgment on the issue of liability. The Supreme Court denied the plaintiffs' cross motion and that branch of the defendants' motion which was for summary judgment dismissing the complaint against Standard Fruit & Steamship Company. The Supreme Court held that triable issues of fact existed as to whether the defendant Standard Fruit & Steamship Company was liable for the plaintiff's injuries.

The defendant Standard Fruit & Steamship Company (hereinafter the appellant) appeals arguing, *inter alia,* that no triable issue of fact exists, that the Supreme Court failed to apply Maritime Law to this personal injury action, and that the plaintiffs' proof in opposition to its motion was insufficient to preclude summary judgment. We disagree.

Contrary to the appellant's contention, the Supreme Court did apply Maritime Law to this personal injury action and correctly did so, since the accident occurred in the navigable waters of the United States *(see, Torres v City of New York,* 177 AD2d 97, *cert denied* — US —, 113 S Ct 1584).

Contrary to the appellant's contention, the proof offered by the plaintiff in opposition to its motion for summary judgment was sufficient to raise triable issues of fact. Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.